The STATE of Ohio, Appellee,

v.

HUTTON, Appellant.

[Cite as *State v. Hutton* (1991), 72 Ohio App.3d 348.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 51704.

Decided Feb. 1, 1991.

*John T. Corrigan,* Prosecuting Attorney, for appellee.

*Floyd B. Oliver*, for appellant.

---

MATIA, Judge.

The matter presently before this court involves the remand of the criminal appeal of *State v. Hutton* (May 9, 1988), Cuyahoga App. No. 51704, unreported, 1988 WL 39276, from the Supreme Court of Ohio pursuant to the decision of *State v. Hutton* (1990), 53 Ohio St.3d 36, 559 N.E.2d 432. On remand, this court is *solely* concerned with an independent review of the sentence of death and whether the aggravating circumstances outweigh the mitigating factors as mandated by R.C. 2929.05(A).

On October 16, 1985, appellant, Percy "June" Hutton, was indicted by the grand jury of Cuyahoga County for the following five offenses:

(1) Count One—the aggravated murder of Derek Mitchell with prior calculation and design in violation of R.C. 2903.01(A) with a firearm specification, R.C. 2929.71(A), and two capital specifications consisting of a course-of-conduct specification, R.C. 2929.04(A)(5), and a felony-murder specification of kidnapping, R.C. 2929.04(A)(7);

(2) Count Two—the aggravated murder of Derek Mitchell while committing, attempting, or fleeing the commission or attempted commission of kidnapping in violation of R.C. 2903.01(B) with a firearm specification, R.C. 2929.71(A), and two capital specifications consisting of a course-of-conduct specification, R.C. 2929.04(A)(5), and a felony-murder specification of kidnapping, R.C. 2929.04(A)(7);

(3) Count Three—the kidnapping of Derek Mitchell in violation of R.C. 2905.01 with a firearm specification, R.C. 2929.71(A);

(4) Count Four—the kidnapping of Samuel Simmons, Jr. in violation of R.C. 2905.01 with a firearm specification, R.C. 2929.71(A); and

(5) Count Five—the attempted murder of Samuel Simmons, Jr. in violation of R.C. 2903.02 and 2923.02 with a firearm specification, R.C. 2929.71(A).

On January 29, 1986, a jury of the Cuyahoga County Court of Common Pleas returned a verdict of guilty as to all charges and specifications as found in the five-count indictment. On February 3, 1986, the penalty phase was commenced and at the conclusion of the mitigation hearing, the jury found that the aggravating circumstances outweighed the mitigating factors, thus recommending a sentence of death. The trial court followed the jury's recommendation and sentenced the appellant to death on February 7, 1986.

This court, upon consideration of the appellant's appeal, reversed the conviction and sentence of death in a split decision. The state of Ohio

appealed the reversal of the appellant's conviction and sentence of death to the Supreme Court of Ohio. In addition, the appellant filed a cross-appeal from the judgment of this court. The Supreme Court of Ohio reversed the judgment of this court, thus reinstating the appellant's original conviction and sentence of death. In addition, the Supreme Court of Ohio remanded the matter to this court for an independent review of the sentence of death as well as a determination of whether the aggravating circumstances outweigh the mitigating factors, stating:

"The judgment of the court of appeals is reversed. This cause is remanded to the court of appeals for independent review of the sentence. On remand, the court of appeals must weigh the aggravating circumstances as well as the mitigating factors, and determine, as required by R.C. 2929.05(A), whether the aggravating circumstances outweigh the mitigating factors and whether the sentence of death is the appropriate sentence in this case." *State v. Hutton, supra,* at 50, 559 N.E.2d at 447–448.

R.C. 2929.05(A), which deals with the appellate review of a sentence of death, provides that:

"(A) Whenever sentence of death is imposed pursuant to sections 2929.03 and 2929.04 of the Revised Code, the court of appeals and the supreme court shall upon appeal review the sentence of death at the same time that they review the other issues in the case. The court of appeals and the supreme court shall review the judgment in the case and the sentence of death imposed by the court or panel of three judges in the same manner that they review other criminal cases, except that they shall review and independently weigh all of the facts and other evidence disclosed in the record in the case and consider the offense and the offender to determine whether the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors in the case, and whether the sentence of death is appropriate. In determining whether the sentence of death is appropriate, the court of appeals and the supreme court shall consider whether the sentence is excessive or disproportionate to the penalty imposed in similar cases. They shall also review all of the facts and other evidence to determine if the evidence supports the finding of the aggravating circumstances the trial jury or the panel of three judges found the offender guilty of committing, and shall determine whether the sentencing court properly weighed the aggravating circumstances the offender was found guilty of committing and the mitigating factors. The court of appeals or the supreme court shall affirm a sentence of death only if the particular court is persuaded from the record that the aggravating circumstances the offender was found guilty of committing

outweigh the mitigating factors present in the case and that the sentence of death is the appropriate sentence in the case."

Thus, pursuant to R.C. 2929.05(A), this court is required to independently determine whether: (1) the record supports the jury's finding of the statutory aggravating circumstances; (2) the statutory aggravating circumstances outweigh any mitigating factors; (3) the trial court properly weighed the statutory aggravating circumstances against the mitigating factors; (4) the sentence of death is not disproportionate to the penalty imposed in similar cases; and (5) the sentence of death is consequently appropriate.

■ In the case *sub judice*, the evidence adduced at trial supports the jury's finding of the statutory aggravating circumstances of R.C. 2929.-04(A)(5) (prior calculation and design or mass murder) and R.C. 2929.04(A)(7) (felony murder). The evidence clearly reveals that with prior calculation and design and while committing, attempting to commit, or fleeing immediately after committing or attempting to commit kidnapping, the appellant caused the death of Derek Mitchell.

In addition, an independent review of the record by this court discloses that the aggravating circumstances outweigh the mitigating factors. R.C. 2929.-04(B), which defines the mitigating factors to be weighed against the aggravating circumstances, provides that:

" * * * [T]he court, trial jury, or panel of three judges shall consider, and weigh against the aggravating circumstances proved beyond a reasonable doubt, the nature and circumstances of the offense, the history, character, and background of the offender, and all of the following factors:

"(1) Whether the victim of the offense induced or facilitated it;

"(2) Whether it is unlikely that the offense would have been committed, but for the fact that the offender was under duress, coercion, or strong provocation;

"(3) Whether, at the time of committing the offense, the offender, because of a mental disease or defect, lacked substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law;

"(4) The youth of the offender;

"(5) The offender's lack of a significant history of prior criminal convictions and delinquency adjudications;

"(6) If the offender was a participant in the offense but not the principal offender, the degree of the offender's participation in the offense and the degree of the offender's participation in the acts that led to the death of the victim;

"(7) Any other factors that are relevant to the issue of whether the offender should be sentenced to death."

In support of the mitigating factors of R.C. 2929.04(B), the appellant made an unsworn statement to the jury which essentially reaffirmed his innocence. The appellant, through his unsworn statement, stated that: (1) the appellant was convicted for an incident which occurred one week prior to the alleged murder; (2) there was no truth to the shooting and disappearance of Derek Mitchell; (3) the appellant was sorry that Derek Mitchell was dead; (4) the appellant possessed no intentions to harm Derek Mitchell; and (5) Eileen Sweeney had lied about her alleged rape. In addition, a presentence investigation and a psychiatric evaluation report were presented to the jury for consideration during the penalty phase.

A review of the appellant's unsworn statement, the presentence investigation, and the psychiatric evaluation report fails to disclose the existence of any of the mitigation factors as enumerated in R.C. 2929.04(B). Thus, the aggravating circumstances must outweigh the mitigating factors. *State v. Beuke* (1988), 38 Ohio St.3d 29, 526 N.E.2d 274.

Finally, a review of the record fails to disclose that the trial court's sentence of death was excessive or disproportionate to the penalty of death imposed in similar cases. *State v. Williams* (1986), 23 Ohio St.3d 16, 23 OBR 13, 490 N.E.2d 906; *State v. Martin* (1985), 19 Ohio St.3d 122, 19 OBR 330, 483 N.E.2d 1157; *State v. Mapes* (1985), 19 Ohio St.3d 108, 19 OBR 318, 484 N.E.2d 140. The sentence of death, as imposed by the trial court upon the appellant, was not excessive or disproportionate and thus was appropriate.

Therefore, the appellant's sentence of death is affirmed and the matter is remanded to the trial court for execution of sentence.

*Judgment affirmed.*

PATTON, P.J., concurs.

ANN MCMANAMON, J., concurs with concurring opinion.

ANN MCMANAMON, Judge, concurring.

I believe the "other acts" evidence and gruesome photographs admitted during the guilt phase of the trial, and the introduction of the defendant's irrelevant criminal history in the mitigation phase, wholly undermined the jury's findings that the appellant was guilty of aggravated murder and the aggravated circumstances. See *State v. Hutton* (May 9, 1988), Cuyahoga App. No. 51704, unreported (concurring opinion). The Supreme Court, however, has ruled the evidence harmless or properly admitted. See *State v. Hutton* (1990), 53 Ohio St.3d 36, 559 N.E.2d 432. Only because I am bound by

the Supreme Court's decision do I concur in the majority opinion affirming the death sentence.