NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0654n.06

No. 13-3968

**FILED**
Nov 22, 2017
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| PERCY HUTTON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| CHARLOTTE JENKINS, Warden | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: MERRITT, ROGERS, and DONALD, Circuit Judges.

PER CURIAM. This death-penalty case comes back to our court on remand after the Supreme Court's decision in *Jenkins v. Hutton*, 137 S. Ct. 1769 (2017). There the Court reversed this panel's conditional grant of Hutton's habeas petition, holding that we improperly applied the fundamental-miscarriage-of-justice exception to procedural default when we granted relief on Hutton's jury-instruction claim. *See id.* at 1771–73. Because that exception does not apply and because, for the reasons given in our previous opinion, Hutton has not otherwise shown a valid basis for excusing the procedural default, *Hutton v. Mitchell*, 839 F.3d 486, 500–01 (2016), the district court properly denied his jury-instruction claim as procedurally defaulted. With respect to Hutton's other claims of error, we reject them for the reasons given in our prior opinion. *See id.* at 500–05. We therefore affirm the judgment of the district court denying Hutton's petition for habeas corpus.

**MERRITT, Circuit Judge, dissenting.** This death-penalty case is now back before us after the Supreme Court reversed our decision to conditionally grant habeas relief unless Hutton received a new sentencing hearing. *Jenkins v. Hutton*, 137 S. Ct. 1769 (2017), *reh'g denied*, 2017 WL 3642151 (Aug. 25, 2017). There is no dispute that Hutton's jury was never instructed on what "aggravating" factors it could consider in deciding between life and death for Hutton. The result was a jury with "unfettered discretion" to impose a death sentence in violation of the Eighth Amendment. *Gregg v. Georgia*, 428 U.S. 153 (1976); *see also Furman v. Georgia*, 408 U.S. 238 (1972). In its opinion, the Supreme Court did not rule on, or even mention, the issue raised in my separate concurrence in our 2016 opinion regarding whether the issue concerning the lack of a jury instruction on aggravators was procedurally defaulted. Because the Supreme Court did not address this issue, I continue to believe, for the reasons set forth in my 2016 separate opinion, that the three Ohio Supreme Court Justices were correct to reach the conclusion that the lack of a proper jury instruction violated *Gregg*. *Hutton v. Mitchell*, 839 F.3d 486, 505 (6th Cir. 2016) (Merritt, J., concurring). I continue to adhere to my original position that there was no basis for our holding that the issue had been procedurally defaulted.