LAWSON, J., dissenting. I agree with the State that if this Court were to apply a proper harmless error analysis to the facts of this ease, Pagan would not be entitled to relief on his claim of Hurst error.[2] In Hurst, we held that error resulting from “the judge rather than the jury marking] all the necessary findings to impose a death sentence, is not structural error incapable of harmless error review.” Hurst, 202 So.3d at 67. Relying on United States Supreme Court precedent, we further recognized that whether Hurst error is harmless requires this Court to determine-whether there is a reasonable doubt that a properly instructed, “rational” 'jury would have made the findings necessary to impose death. Id. (quoting Galindez v. State, 955 So.2d 517, 522 (Fla. 2007) (quoting Neder v. United States, 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999))); cf. Jenkins v. Hutton, — U.S. -, 137 S.Ct. 1769, 1772,' 198 L.Ed.2d 415 (2017) (recognizing that :the proper, focus in an instructional error case is on whether , a properly instructed, reasonable jury cpuld have recommended death).- In practice, however, the majority has replaced the proper harmless error analysis with the same per se reversible error rule that Hurst rejected, finding Hurst error' harmful in every case in which the jury did not unanimously recommend death—because the jury’s recommendation was not unanimous. See, e.g., Kopsho v. State, 209 So.3d 568, 570 (Fla. 2017) (holding Hurst error was not harmless after explaining that all that can be determined from the jury’s 10-2 death recommendation is “that the-jury did not unanimously recommend a sentence of death”). Rather than find Hurst error harmful because there was Hurst, error, I would apply the proper rational jury test. Judged by this standard, the Hurst error in Pagan’s case is harmless beyond a reasonable doubt. Pagan’s case presents some of the weightiest aggravation in Florida’s capital sentencing'scheme: prior and contemporaneous violent felonies, all of which' were found by unanimous juries; the in the course of a felony aggravator—two felonies, in fact, both of which were unanimously found by Pagan’s jury; and the cold, calculated, and premeditated aggra-vator, which inescapably flows from the evidence of Pagan’s planned execution of a six-year-old child and his father, in the presence of his wife, whom Pagan also shot along with the couple’s eighteen-month-old other child. That these aggravators are established, sufficient, and substantially outweigh the scant mitigation presented are findings that no objectively reasonable jury, properly instructed, would have failed to unanimously make in support of a unanimous death recommendation. Accordingly, because the Hurst error in Pagan’s case is harmless beyond a reasonable doubt, I respectfully dissent. . Hurst v. State, 202 So.3d 40 (Fla, 2016), cert. denied, — U.S. -, 137 S.Ct, 2161, 198 L.Ed.2d 246 (2017). Although I adhere to my view that this Court’s Hurst decision was incorrectly decided, Okafor v. State, 225 So.3d 768, 775-76 (Fla. 2017) (Lawson, J., concurring specially), I have elected to follow the Hurst precedent for the reasons explained in Okafor.