# Supreme Court of Florida

_____

No. SC13-4
_____

**JOSEPH P. SMITH,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[September 11, 2014]

PER CURIAM.

This case is before the Court on appeal from an order denying a motion to vacate a judgment of conviction of first-degree murder and a sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.

## FACTS

A jury convicted Joseph Peter Smith of the kidnapping, capital sexual battery, and first-degree murder of an eleven-year-old girl. Smith v. State, 28 So. 3d 838, 850 (Fla. 2009). In the decision on direct appeal, this Court described in detail the circumstances of the murder and the evidence presented during trial. See id. at 844-50. The jury recommended that Smith be sentenced to death for the

murder by a vote of ten to two.  Id. at 851.  The trial court followed the

recommendation and sentenced Smith to death.  Id. at 852.  Six aggravating

circumstances were found by the trial court:

> (1) Smith committed the felony while he was on probation, see §
> 921.141(5)(a), Fla. Stat. (2003) (moderate weight); (2) the murder was
> committed while Smith was engaged in the commission of a sexual
> battery or kidnapping, see § 921.141(5)(d), Fla. Stat. (2003)
> (significant weight); (3) the murder was committed for the purpose of
> avoiding lawful arrest, see § 921.141(5)(e), Fla. Stat. (2003) (great
> weight); (4) the murder was especially heinous, atrocious or cruel
> (HAC), see § 921.141(5)(h), Fla. Stat. (2003) (great weight); (5) the
> murder was cold, calculated, and premeditated (CCP), see §
> 921.141(5)(i), Fla. Stat. (2003) (great weight); and (6) the victim was
> under twelve years of age, see § 921.141(5)(l), Fla. Stat. (2003) (great
> weight).

Id. (footnote omitted).  The trial court found no statutory mitigating circumstances,

but concluded that thirteen nonstatutory factors had been established:

> (1) a long and well-documented history of mental illness (moderate
> weight); (2) a long and well-documented history of drug abuse
> (moderate weight); (3) longstanding severe pain from back injuries
> that contributed to his addiction (little weight); (4) Smith repeatedly
> sought help for his problems (little weight); (5) Smith was repeatedly
> denied treatment or received inadequate treatment (little weight); (6)
> positive qualities, including—(a) skills as a mechanic, plumber, and
> carpenter; (b) performance of kind deeds for others; (c) love and
> support with his family; (d) despite his incarceration, attempts to exert
> a positive influence on family members; (e) artistic skills; and (f) he
> cares about animals (moderate weight); (7) providing information that
> led to the resolution of this case (very little weight); (8) his family
> assisted law enforcement with Smith's knowledge and cooperation
> (slight weight); (9) demonstration of spiritual growth (moderate
> weight); (10) maintenance of gainful employment (slight weight); (11)
> he is a loving father to his three daughters (moderate weight); (12)

remorse (little weight); and (13) he is amenable to rehabilitation and a productive life in prison (little weight).

Id. at 852-53 (footnote omitted).

Smith presented thirteen challenges on direct appeal, and the State presented one challenge in a cross-appeal. The challenges by Smith were: (1) the State violated the Confrontation Clause of the Sixth Amendment when it failed to present the biologists who performed the DNA tests on the known sample taken from Smith and the unknown semen sample taken from the victim's shirt; (2) the trial court erred when it allowed the medical examiner to present opinion testimony that the victim had been sexually assaulted; (3) the trial court erred when it failed to suppress the statements of Smith's brother; (4) the trial court erred when it failed to strike nine jurors for cause; (5) the trial court erred when it admitted certain photos of the victim; (6) the trial court improperly doubled the aggravating factors that the murder was committed during the course of a sexual battery upon a child under the age of twelve, and the victim of the murder was under the age of twelve; (7) the statutory aggravating circumstance that the victim was under the age of twelve is unconstitutional; (8) the trial court erred when it found the avoid arrest aggravating circumstance; (9) the trial court erred when it found the CCP aggravating circumstance; (10) the trial court erred when it ruled that Smith's mother and sister would be subject to cross-examination by the State if they testified during the penalty phase; (11) the trial court erred when it refused to allow

Smith to make a statement of allocution before the jury; (12) section 775.051, Florida Statutes (2004), violates due process; and (13) Florida's death penalty sentencing scheme violates Ring v. Arizona, 536 U.S. 584 (2002). Smith, 28 So. 3d at 853-73. On cross-appeal, the State contended that the trial court erred when it held that the prior violent felony conviction aggravating circumstance was not applicable to the murder. Id. at 876-77.[1]

This Court held that the trial court erroneously denied two for-cause juror challenges, but determined that the error was harmless. Id. at 859-61. We also struck the CCP aggravating circumstance, but held that any error by the trial court with regard to the finding of this aggravating factor was harmless. Id. at 868. With respect to the avoid arrest aggravating factor, this Court stated:

> We need not address the substance of this claim because we conclude that even if we were to find that competent, substantial evidence does not support this aggravator as asserted by Smith, any error is harmless. . . . The trial court expressly stated that any one of the aggravators found (except felony probation) was sufficient to outweigh the mitigating factors due to the totality of the aggravating factors that we uphold and affirm today. There is no possibility that any erroneous finding on this issue affected the sentence imposed. Smith is not entitled to a new penalty phase.

---

1. Smith previously pled no contest to a 1993 charge of aggravated battery. Id. at 876. The State contended that this no contest plea constituted a conviction for purposes of the capital sentencing statute and, therefore, qualified as a prior violent felony conviction under the statute. Id. at 877.

Id. at 866-67. We also determined that (1) the trial court should have excluded the testimony of the medical examiner that ligature strangulation is "highly associated" with sexual battery, and (2) the prosecutor made an improper comment that Smith should receive the death penalty because he left the body "exposed to animals, predators in the woods." Id. at 856-57, 862 n.15. However, because neither challenge was preserved, we considered only whether they amounted to fundamental error, and concluded that they did not. Id. at 857, 862 n.15.

We rejected all other claims presented by Smith and affirmed his convictions and sentences. Id. at 853-74, 878. We also rejected the issue presented by the State on cross-appeal. Id. at 878.

Smith subsequently filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.851 that presented the following claims: (1) Rule Regulating the Florida Bar 4-3.5(d)(4) and Florida Rule of Criminal Procedure 3.575 are unconstitutional and denied Smith the assistance of counsel in pursuing postconviction relief; (2) the trial court unconstitutionally instructed the jury that its role is merely "advisory"; (3) Florida's death penalty statute is unconstitutional as applied pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), and Ring; (4) execution by lethal injection or electrocution violates the Eighth Amendment; (5) Florida's capital sentencing statute is unconstitutional because it fails to (a) provide a standard for determining that aggravating

circumstances "outweigh" mitigating circumstances, (b) define "sufficient aggravating circumstances," and (c) adequately define the aggravating circumstances; (6) Florida's capital sentencing procedure lacks the independent reweighing of aggravating and mitigating circumstances required by <u>Proffitt v. Florida</u>, 428 U.S. 242 (1976); (7) the aggravating circumstances have been applied in a vague and inconsistent manner; (8) Florida's capital sentencing scheme is unconstitutional because it presumes that death is an appropriate sentence upon the finding of a single aggravating factor, and also requires a defendant to establish that the mitigating circumstances outweigh the aggravating circumstances for a life sentence to be appropriate; (9) section 945.10, Florida Statutes, is unconstitutional because it precludes Smith from knowing the identity of execution team members; and (10) cumulative error. Smith further alleged that to the extent trial counsel and appellate counsel failed to present certain claims listed above, they were ineffective.[2]

---

2. Claims of ineffective assistance of appellate counsel are not cognizable in postconviction motions, but rather are to be raised in habeas corpus proceedings. <u>Thompson v. State</u>, 759 So. 2d 650, 660 (Fla. 2000). Smith has not filed a habeas corpus petition with this Court. Moreover, because all claims presented by Smith are without merit, even if Smith had presented his ineffective assistance of appellate counsel challenges in a habeas proceeding, he would not be entitled to relief. <u>See</u> <u>Johnson v. Moore</u>, 837 So. 2d 343, 347 (Fla. 2002) ("Appellate counsel cannot be deemed ineffective for failing to raise a claim that was not preserved below or that is without merit.").

Smith asserted in his motion for postconviction relief that none of the claims presented required an evidentiary hearing. The postconviction court heard oral argument on the motion and subsequently issued an order that summarily denied all claims.

This appeal followed.

## ANALYSIS

### Juror Interviews

Smith asserts that Florida Rule of Criminal Procedure 3.575 and Rule Regulating the Florida Bar 4-3.5(d)(4), which prohibit interviews of jurors by a party or counsel except under limited circumstances, are unconstitutional. This claim is procedurally barred because it could have been raised on direct appeal. See, e.g., Reese v. State, 14 So. 3d 913, 919 (Fla. 2009); Israel v. State, 985 So. 2d 510, 522 (Fla. 2008). Moreover, this Court has consistently rejected constitutional challenges to the rules in question. See, e.g., Reese, 14 So. 3d at 919; Barnhill v. State, 971 So. 2d 106, 116-17 (Fla. 2007). Further, in Troy v. State, 57 So. 3d 828, 842 (Fla. 2011), we rejected the challenge of a defendant that the postconviction court had "fail[ed] to explain why academics, journalists, and lawyers not connected to his case can conduct 'fishing expedition' interviews while trial and postconviction counsel are precluded from doing so." Thus, Smith's similar challenge is without merit.

We note that Smith has failed to present a single factual allegation that juror misconduct occurred during his capital trial. Instead, he asserts that criminal defense counsel should have unlimited authority to conduct interviews to probe jurors for possible misconduct. We decline to change the rules of procedure to permit criminal defense counsel to conduct fishing expeditions any time a conviction is obtained. Where a party or counsel has reason to believe that a verdict may be subject to legal challenge, the rules delineate procedures to be followed for seeking juror interviews. However, where no such belief is present, as in this case, we decline to allow defense counsel to have unfettered access to jurors.

We affirm the denial of this claim.

## Caldwell v. Mississippi

Smith contends that the trial court improperly instructed the jury that its role is merely "advisory," in violation of Caldwell v. Mississippi, 472 U.S. 320 (1985).[3]

---

3. Although the heading of this claim in Smith's brief alleges that trial counsel was ineffective in the failure to present this challenge, the argument provides no elaboration with regard to counsel's ineffectiveness and contains no analysis of this issue. This Court has previously held that "[v]ague and conclusory allegations on appeal are insufficient to warrant relief." Heath v. State, 3 So. 3d 1017, 1029 n.8 (Fla. 2009) ("Heath has waived his cumulative-error claim because his brief includes no argument whatsoever and instead consists of a one-sentence heading in his brief."); see also Doorbal v. State, 983 So. 2d 464, 482-83 (Fla. 2008) ("Doorbal neither states the substance of any of the claims that were summarily denied, nor provides an explanation why summary denial was inappropriate or what factual determination was required on each claim so as to

This challenge is procedurally barred. See Jones v. State, 928 So. 2d 1178, 1182 n.5 (Fla. 2006) (holding that a Caldwell claim is procedurally barred if not raised on direct appeal). Further, this Court has repeatedly rejected Caldwell challenges to the current standard jury instructions. See, e.g., Rigterink v. State, 66 So. 3d 866, 897 (Fla. 2011); Globe v. State, 877 So. 2d 663, 673-74 (Fla. 2004).[4] Accordingly, the postconviction court properly denied this claim.

## Apprendi and Ring

Smith asserts that the postconviction court erred when it held that Florida's capital sentencing statute is not unconstitutional as applied pursuant to Apprendi and Ring. On direct appeal, Smith presented a Ring challenge, which was rejected:

> In Ring v. Arizona, 536 U.S. 584 (2002), the United States Supreme Court invalidated sentencing schemes where the trial court was responsible for (1) the finding of an aggravating circumstance which rendered a defendant eligible for the death penalty, and (2) the ultimate decision to impose a death sentence. According to Smith,

necessitate an evidentiary hearing. We conclude that this general, conclusory argument is insufficient to preserve the issues raised in the 3.851 motion, and, therefore, this claim is waived."). Based upon our precedent, we hold that Smith's assertion of ineffective assistance under this claim—and any other claim where ineffectiveness is solely referenced in the heading—is waived.

Moreover, because all claims presented by Smith are without merit, even if he had not waived the ineffective assistance challenges, he would not be entitled to relief. See Lukehart v. State, 70 So. 3d 503, 513 (Fla. 2011) ("[C]ounsel cannot be deemed ineffective for failing to pursue a meritless claim.").

4. Although the instructions provided to the jury during the penalty phase of Smith's trial are not identical to the instructions contained in Florida Standard Jury Instruction (Criminal) 7.11, the instructions given do not differ materially from the standard jury instructions.

Florida constitutes a "judge-sentencing" state and, therefore, its sentencing scheme violates the Sixth Amendment.

Smith's claim is without merit. This Court has repeatedly held that Florida's capital sentencing scheme does not violate the United States Constitution under Ring. See, e.g., Gore v. State, 964 So. 2d 1257, 1276-77 (Fla. 2007); Hannon v. State, 941 So. 2d 1109, 1147 (Fla. 2006); Jones v. State, 845 So. 2d 55, 74 (Fla. 2003). Further, in Owen v. Crosby, 854 So. 2d 182, 193 (Fla. 2003), this Court rejected a Ring challenge where the trial court found as an aggravating circumstance that the defendant committed the murder during the commission of a burglary or sexual battery. In reaching this determination, the Court noted that this particular aggravator "involve[s] circumstances that were submitted to a jury and found to exist beyond a reasonable doubt."

In the instant case, a jury convicted Smith of sexual battery upon a child less than twelve years of age and kidnapping. Since the jury determined beyond a reasonable doubt that Smith committed these crimes, Smith's Ring challenge is without merit on this additional basis. Accordingly, this claim is denied.

28 So. 3d at 873-74. As we noted on direct appeal, a Ring challenge by Smith is without merit because the trial court found as an aggravating circumstance that the murder was committed during the course of a sexual battery and a kidnapping, and a unanimous jury verdict was returned in connection with both charges. Id. at 873-74. Further, we have repeatedly rejected the contention that aggravating circumstances must be alleged in the indictment for a death sentence to be constitutional. See, e.g., Pham v. State, 70 So. 3d 485, 496 (Fla. 2011); Coday v. State, 946 So. 3d 988, 1006 (Fla. 2006).

This claim was properly denied.

**Florida's Death Penalty Statute**

According to Smith, Florida's death penalty statute is unconstitutional based on additional theories. We disagree. Nearly identical challenges to those presented by Smith were raised unsuccessfully in Miller v. State, 926 So. 2d 1243 (Fla. 2006). The defendant in Miller asserted:

> Florida's capital sentencing statute fails to provide a necessary standard for determining that aggravating circumstances "outweigh" mitigating factors, does not define "sufficient aggravating circumstances," and does not sufficiently define each of the aggravating circumstances; Florida's capital sentencing procedure does not have the independent reweighing of aggravating and mitigating circumstances required by Proffitt v. Florida, 428 U.S. 242 (1976); the aggravating circumstances have been applied in a vague and inconsistent manner . . . and Florida law violates the Eighth Amendment in creating a presumption of death if a single aggravating circumstance is found, which occurs in every case of felony murder and nearly every premeditated murder.

Id. at 1259-60. We held in Miller that these challenges were procedurally barred because they were not presented on direct appeal and further concluded that they were without merit. Id. at 1260. We reject Smith's challenges here for the same reasons.

The challenge to methods of execution is also procedurally barred and without merit. See, e.g., Kilgore v. State, 55 So. 3d 487, 511-12 (Fla. 2010); Wyatt v. State, 71 So. 3d 86, 112 (Fla. 2011) ("We deny relief because the Court has consistently rejected these claims, and Wyatt has not made any additional allegations that would call into question the State's current methods of execution.").

We affirm the denial of this claim.

## Section 945.10

Smith contends that the postconviction court erred when it failed to conduct an evidentiary hearing on the constitutionality of Florida's lethal injection procedures and, more specifically, section 945.10, Florida Statutes. However, the postconviction motion expressly provided that an evidentiary hearing was <u>not</u> sought with regard to this claim. Accordingly, Smith's assertion of error is unpreserved. See <u>Jimenez v. State</u>, 997 So. 2d 1056, 1072 (Fla. 2008) (holding that a claim of factual innocence was not preserved for appeal where the defendant did not present this claim to the postconviction court during the successive rule 3.851 proceeding (quoting <u>Steinhorst v. State</u>, 412 So. 2d 332, 338 (Fla. 1982) ("[F]or an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.")))[5]. Further, Smith presents new arguments on appeal that were never presented to the postconviction court. To the extent Smith presents claims not previously asserted, they are also unpreserved for review. See <u>Jimenez</u>, 997 So. 2d at 1072; <u>Steinhorst</u>, 412 So. 2d at 338.

---

5. Moreover, we have reviewed the postconviction motion and conclude that even if Smith had sought an evidentiary hearing on this claim, one would not have been warranted.

With regard to the claims that were presented below, and are therefore preserved, we have previously rejected constitutional challenges to section 945.10. See, e.g., Darling v. State, 45 So. 3d 444, 447-48 (Fla. 2010) ("Darling simply requests that we recede from prior precedent so that he may engage in an in-depth review of his executioners' qualifications and training. We refuse to do so."); Henyard v. State, 992 So. 2d 120, 130 (Fla. 2008) ("We previously found section 945.10 facially constitutional and decline to recede from our decision now.").

Accordingly, we conclude that this challenge is without merit.

## Cumulative Error

Finally, where the individual claims asserted by a capital defendant are held to be procedurally barred or without merit, a claim of cumulative error fails. See Lukehart, 70 So. 3d at 524 (quoting Israel, 985 So. 2d at 520). Because we have rejected each of Smith's challenges on appeal, he is not entitled to relief based upon cumulative error.

## CONCLUSION

In light of the foregoing, we affirm the order of the trial court denying postconviction relief.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Sarasota County, Andrew D. Owens, Jr., Judge - Case No. 582004CF002129XXXANC

James Vincent Viggiano, Jr., Capital Collateral Regional Counsel, Middle Region, Tampa, Florida, and Robert T. Strain, Assistant-Capital Collateral Regional Counsel, Middle Region, Tampa, Florida, and Ann Marie Mirialakis, Assistant-Capital Collateral Regional Counsel, Middle Region, Tampa, Florida,

for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Carol Marie Dittmar, Senior Assistant Attorney General, Tampa, Florida,

for Appellee