# Supreme Court of Florida

_____

No. SC14-1967
_____

**LANCELOT URILEY ARMSTRONG,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

_____

No. SC15-767
_____

**LANCELOT URILEY ARMSTRONG,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[January 19, 2017]

PER CURIAM.

Lancelot Uriley Armstrong appeals an order of the circuit court denying his

motion to vacate his sentence of death filed under Florida Rule of Criminal

Procedure 3.851, and petitions this Court for a writ of habeas corpus.  We have

jurisdiction. See art. V, § 3(b)(1), (9), Fla. Const. For the following reasons, we vacate Armstrong's sentence and remand for a new penalty phase consistent with Hurst v. State, 202 So. 3d 40 (Fla. 2016).

Armstrong was convicted of the February 17, 1990, first-degree murder of Deputy John Greeney, attempted murder of Deputy Robert Sallustio, and armed robbery. The jury recommended a sentence of death by a vote of nine to three, which this Court affirmed. Armstrong v. State (Armstrong I), 642 So. 2d 730 (Fla. 1994).

On appeal from the denial of postconviction relief, this Court vacated Armstrong's death sentence and remanded for a new penalty phase after concluding that one of his prior violent felony aggravators had since been invalidated. Armstrong v. State (Armstrong II), 862 So. 2d 705, 715 (Fla. 2003). After the second penalty phase, the jury again recommended the death sentence by a vote of nine to three. On his second direct appeal, this Court affirmed the sentence of death. Armstrong v. State (Armstrong III), 73 So. 3d 155, 161 (Fla. 2011).

On May 29, 2013, Armstrong filed a motion to vacate his sentence pursuant to Florida Rule of Criminal Procedure 3.851, raising ten claims. The circuit court denied relief on each of Armstrong's claims. Armstrong now appeals and also petitions for a writ of habeas corpus.

- 2 -

Because Armstrong was condemned by a vote of nine to three, we find that Armstrong's sentence is a result of a <u>Hurst v. Florida</u>, 136 S. Ct. 616 (2016), error. We therefore must consider whether the error was harmless beyond a reasonable doubt. <u>See</u> <u>Hurst</u>, 202 So. 3d at 67.

> The harmless error test, as set forth in <u>Chapman</u>[ v. California, 386 U.S. 18 (1967),] and progeny, places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.

<u>Id.</u> at 68 (quoting <u>State v. DiGuilio</u>, 491 So. 2d 1129, 1138 (Fla. 1986)).

The jury in this case recommended death by a vote of nine to three. While the aggravators are such that no reasonable juror would not have found their existence,[1] we cannot determine that the jury unanimously found that the aggravators outweighed the mitigation. We can only determine that the jury did not unanimously recommend a sentence of death.

Because we cannot make these determinations, we cannot say that there is no possibility that the error did not contribute to the sentence. We therefore

---

1. The trial court found the following aggravators in this case: (1) Armstrong was convicted of another capital felony or of a felony involving the use or threat of violence to the person; (2) the capital felony was committed while Armstrong was engaged or was an accomplice in the commission of or an attempt to commit the crime of robbery; and (3) the victim in this capital felony was a law enforcement officer engaged in the performance of his duties. <u>Armstrong</u>, 73 So. 3d at 165.

- 3 -

determine that the error in Armstrong's sentencing was not harmless beyond a reasonable doubt. Accordingly, we reverse the postconviction court's order and remand for a new penalty phase. See Hurst, 202 So. 3d at 69.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
PERRY, Senior Justice, concurs in part and dissents in part with an opinion.
CANADY and POLSTON, JJ., dissent.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

PERRY, Senior Justice, concurring in part and dissenting in part.

I agree with the majority that the Hurst v. Florida, 136 S. Ct. 616 (2016), error in this case is not harmless beyond a reasonable doubt. However, as I expressed in Hurst v. State, 202 So. 3d 40, 75 (Fla. 2016) (Perry, J., concurring in part and dissenting in part), "[t]here is no compelling reason for this Court not to apply the plain language of section 775.082(2), Florida Statutes." I therefore dissent to the majority's decision to remand for a new penalty phase and would instead remand for the imposition of a life sentence.

Two Cases:

An Appeal from the Circuit Court in and for Broward County,
    Michael L. Gates, Judge - Case No. 061990CF005417B88810
And an Original Proceeding – Habeas Corpus

- 4 -

Neal Andre Dupree, Capital Collateral Regional Counsel – Southern Region, Nicole M. Noel, Assistant Capital Collateral Regional Counsel – Southern Region, and Jason Jay Kruszka, Staff Attorney, Capital Collateral Regional Counsel – Southern Region, Fort Lauderdale, Florida,

 for Appellant/Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, Florida,

 for Appellee/Respondent