# Supreme Court of Florida

_____

No. SC15-1256
_____

**WILLIAM M. KOPSHO,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.
_____

No. SC15-1762
_____

**WILLIAM M. KOPSHO,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[January 19, 2017]

PER CURIAM.

William Kopsho appeals an order of the Fifth Judicial Circuit Court denying

his motion to vacate his conviction of first-degree murder and sentence of death,

filed under Florida Rule of Criminal Procedure 3.851, and petitions this Court for a

writ of habeas corpus. We have jurisdiction. See art. V, § 3(b)(1), (9), Fla. Const.

For the following reasons, we vacate Kopsho's sentence and remand for a new penalty phase. See Hurst v. State, 202 So. 3d 40, 69 (Fla. 2016).

The facts of this case were presented in this Court's opinion on direct appeal. See Kopsho v. State, 84 So. 3d 204, 209-10 (Fla. 2012). After the penalty phase, the jury voted ten to two to impose a death sentence, and the trial court sentenced Kopsho to death. Id. at 210. On direct appeal in 2012, this Court affirmed Kopsho's conviction and sentence. Id. at 211.

Kopsho filed his postconviction motion to vacate the judgment of conviction and sentence on November 19, 2014. After a case management conference held on March 9, 2015, the circuit court determined that no evidentiary hearing was warranted and entered an order summarily denying Kopsho's initial postconviction motion on March 23, 2015.

While Kopsho's appeal from the summary denial of his motion for postconviction relief was pending, the United States Supreme Court issued its decision in Hurst v. Florida, 136 S. Ct. 616 (2016), holding, in short, "that Florida's capital sentencing scheme [is] unconstitutional to the extent that it fail[s] to require the jury, rather than the judge, to find the facts necessary to impose the death sentence." Hurst, 202 So. 3d at 43-44 (citing Hurst v. Florida, 136 S. Ct. at 619).

Because Kopsho was condemned to death by a vote of ten to two, we find that Kopsho's sentence is the result of a Hurst v. Florida error. We therefore must consider whether the error was harmless beyond a reasonable doubt. See Hurst, 202 So. 3d at 67.

> The harmless error test, as set forth in Chapman[ v. California, 386 U.S. 18 (1967),] and progeny, places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.

Id. at 68 (quoting State v. DiGuilio, 491 So. 2d 1129, 1138 (Fla. 1986)).

The jury in this case recommended death by a vote of ten to two. While three of the aggravators in this case are such that no reasonable juror would not have found their existence,[1] we cannot determine that the jury unanimously found that the aggravators outweighed the mitigation. We can only determine that the jury did not unanimously recommend a sentence of death.

---

1. The trial court found the following aggravators in this case: (1) that at the time of the murder Kopsho was under a sentence of imprisonment or on felony probation; (2) that Kopsho had committed a prior violent felony; (3) that the murder was committed during an armed kidnapping; and (4) that the murder was cold, calculated, and premeditated. Kopsho, 84 So. 3d at 210. The evidence presented at trial included Kopsho's confession that he planned to kill Lynne once she told him that she had slept with her former supervisor but that he had to stay calm until he had the opportunity. Id. at 208. Kopsho repeatedly referred to the crime as premeditated in his multiple confessions. Id. at 209-210.

Because we cannot make these determinations, we cannot say that there is no possibility that the error did not contribute to the sentence. We therefore determine that the error in Kopsho's sentencing was not harmless beyond a reasonable doubt.

Accordingly, we reverse the postconviction court's order and remand for a new penalty phase. See Hurst, 202 So. 3d at 69.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
PERRY, Senior Justice, concurs in part and dissents in part with an opinion.
CANADY and POLSTON, JJ., dissent.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

PERRY, Senior Justice, concurring in part and dissenting in part.

I agree with the majority that the Hurst v. Florida, 136 S. Ct. 616 (2016), error in this case is not harmless beyond a reasonable doubt. However, as I expressed in Hurst v. State, 202 So. 3d 40, 75 (Fla. 2016) (Perry, J., concurring in part and dissenting in part), "[t]here is no compelling reason for this Court not to apply the plain language of section 775.082(2), Florida Statutes." I therefore dissent to the majority's decision to remand for a new penalty phase and would instead remand for the imposition of a life sentence.

Two Cases:

An Appeal from the Circuit Court in and for Marion County,
      David Brent Eddy, Judge - Case No. 422000CF003762CFAXXX
And an Original Proceeding – Habeas Corpus

James Vincent Viggiano, Jr., Capital Collateral Regional Counsel – Middle
Region, Reuben Andrew Neff, Maria Christine Perinetti, Raheela Ahmed, and
Nicholas Arthur Whittle, Assistant Capital Collateral Regional Counsel – Middle
Region, Tampa, Florida,

      for Appellant/Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; and Stacey E. Kircher,
Assistant Attorney General, Daytona Beach, Florida,

      for Appellee/Respondent