PER CURIAM.
Robert J. Bailey petitions this Court for a writ of habeas corpus seeking relief under Hurst v. Florida, — U.S. —, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and Hurst v. State, 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. —, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.
Bailey’s death sentence, which his penalty phase jury recommended by a vote of eleven to one, became final in 2009. See Bailey v. State, 998 So.2d 545 (Fla. 2008), cert. denied, Bailey v. Florida, 556 U.S. 1243, 129 S.Ct. 2395, 173 L.Ed.2d 1307 (2009). We have held that Hurst applies retroactively to “defendants whose sentences became final after the United States Supreme Court issued its opinion in Ring[ v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) ].” Mosley v. State, 209 So.3d 1248, 1276 (Fla. 2016). Thus, Hurst applies retroactively to Bailey.
Because the jury recommended the death penalty by a vote of eleven to one, Bailey’s death sentence violates Hurst. See Kopsho v. State, 209 So.3d 568, 570 (Fla. 2017). Accordingly, we must consider whether the error is harmless beyond a reasonable doubt:
The harmless error test, as set forth in Chapman[ v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967),] and progeny, places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.
Hurst, 202 So.3d at 68 (quoting State v. DiGuilio, 491 So.2d 1129, 1138 (Fla. 1986)).
While the two aggravators in this case are such that no reasonable juror would have failed to find their existence,[1] based on the jury’s eleven-to-one recommendation for a sentence of death, we cannot determine that the jury unanimously found that the aggravating factors were sufficient to impose a sentence of death. Nor can we “determine that the jury unanimously found that the aggravators outweighed the mitigation.” Kopsho, 209 So.3d at 570. “We can only determine that the jury did not unanimously recommend a sentence of death.” Id. Therefore, because we cannot say that there is no reasonable possibility that the error did not contribute to the sentence, the Hurst error in Bailey’s sentencing was not harmless beyond a reasonable doubt. Cf. id.
Accordingly, the petition for a writ of habeas corpus is hereby granted. We va *778 cate the death sentence and remand to the circuit court for a new penalty phase. See Hurst, 202 So.3d at 69.
It is so ordered.
LABARGA, C.J., and PARIENTE, and QUINCE, JJ., concur.
PARIENTE, J., concurs with an ■ opinion.
LAWSON, J., specially concurs with an opinion.
LEWIS, CANADY, and POLSTON, JJ„ dissent.

. The trial court found the following aggra-vators: (1) the capital felony was committed by a person previously convicted of a felony and under sentence of imprisonment or placed on community control or probation; and (2) the capital felony was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody. Bailey, 998 So.2d at 551 n.3. Bailey was on probation at the time of the murder, and his victim was a police officer whom Bailey shot after the officer stopped Bailey for a traffic infraction. Id. at 548. The evidence presented at trial included testimony from one witness who heard Bailey say, during the traffic stop, that he would "pop this cop’’ if he tried to arrest him and that "he was not going back to jail again,” and testimony from another witness whom Bailey told, minutes after the murder, “that he shot the officer because he was wanted and would go to jail for life if he was caught” and that "the only way the police were going to catch him is if they killed him.” Id.