# Supreme Court of Florida

_____

No. SC17-1145
_____

**JOHN CALVIN TAYLOR, II,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[October 12, 2017]

PER CURIAM.

John Calvin Taylor, II, petitions this Court for a writ of habeas corpus seeking relief under Hurst v. Florida, 136 S. Ct. 616 (2016), and Hurst v. State, 202 So. 3d 40 (Fla. 2016), cert. denied, 137 S. Ct. 2161 (2017).  We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.

Taylor's death sentence, which his penalty phase jury recommended by a vote of ten to two, became final in 2004.  See Taylor v. State, 855 So. 2d 1 (Fla. 2003), cert. denied, Taylor v. Florida, 541 U.S. 905 (2004).  We have held that Hurst applies retroactively to "defendants whose sentences became final after the United States Supreme Court issued its opinion in Ring[ v. Arizona, 536 U.S. 584

(2002)]." Mosley v. State, 209 So. 3d 1248, 1276 (Fla. 2016).  Thus, Hurst applies

retroactively to Taylor.

Because the jury recommended the death penalty by a vote of ten to two,

Taylor's death sentence violates Hurst.  See Kopsho v. State, 209 So. 3d 568, 570

(Fla. 2017).  Accordingly, we must consider whether the error is harmless beyond

a reasonable doubt:

> The harmless error test, as set forth in Chapman[ v. California,
> 386 U.S. 18 (1967),] and progeny, places the burden on the state, as
> the beneficiary of the error, to prove beyond a reasonable doubt that
> the error complained of did not contribute to the verdict or,
> alternatively stated, that there is no reasonable possibility that the
> error contributed to the conviction.

Hurst, 202 So. 3d at 68 (quoting State v. DiGuilio, 491 So. 2d 1129, 1138 (Fla.

1986)).

While the aggravators in this case are such that no reasonable juror would

have failed to find their existence,[1] based on the jury's ten-to-two recommendation

for a sentence of death, we cannot determine that the jury unanimously found that

the aggravating factors were sufficient to impose a sentence of death.  Nor can we

---

1. "The four aggravating circumstances were: (1) Taylor was previously convicted of another violent felony; (2) the crime was committed while Taylor was engaged in the commission of a robbery [of which Taylor's jury also found him guilty]; (3) the murder was committed for pecuniary gain; and (4) Taylor was under sentence of imprisonment at the time the murder was committed.  The trial court merged the murder in the course of a felony and pecuniary gain aggravators and considered them as a single aggravator."  Taylor, 855 So. 2d at 13, n.9.

"determine that the jury unanimously found that the aggravators outweighed the mitigation." Kopsho, 209 So. 3d at 570. "We can only determine that the jury did not unanimously recommend a sentence of death." Id. Therefore, because we cannot say that there is no reasonable possibility that the error did not contribute to the sentence, the Hurst error in Taylor's sentencing was not harmless beyond a reasonable doubt. Cf. Davis v. State, 207 So. 3d 142, 174-75 (Fla. 2016), cert. denied, 137 S. Ct. 228 (2017).

Accordingly, the petition for a writ of habeas corpus is hereby granted. We vacate the death sentence and remand to the circuit court for a new penalty phase. See Hurst, 202 So. 3d at 69.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
LAWSON, J., concurs specially with an opinion.
CANADY and POLSTON, JJ., dissent.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

LAWSON, J., concurring specially.

See Okafor v. State, 42 Fla. L. Weekly S639, S641, 2017 WL 2481266, at *6 (Fla. June 8, 2017) (Lawson, J., concurring specially).

Original Proceeding – Habeas Corpus

Christopher J. Anderson of Law Office of Christopher J. Anderson, Neptune Beach, Florida; and Billy H. Nolas, Chief, Capital Habeas Unit, Office of the Federal Public Defender, Northern District of Florida, Tallahassee, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, and Charmaine M. Millsaps, Senior Assistant Attorney General, Tallahassee, Florida,

for Respondent