# Supreme Court of Florida

_____

No. SC17-872
_____

**ALEX PAGAN,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[February 1, 2018]

PER CURIAM.

Alex Pagan appeals an order of the circuit court denying his motion to vacate his sentence of death under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. We vacate Pagan's death sentence and remand for a new penalty phase consistent with Hurst v. State, 202 So. 3d 40 (Fla. 2016), cert. denied, 137 S. Ct. 2161 (2017).

Pagan was convicted of the murders of Michael Lynn and Freddy Jones, the attempted murders of Latasha and Lafayette Jones, the robbery of the Joneses' home, and the theft of their vehicle. Pagan v. State, 830 So. 2d 792, 798-802 (Fla. 2002). The jury recommended death by a vote of seven to five, and the trial court

sentenced Pagan to death for each of the murders. Id. This Court affirmed Pagan's convictions and sentences and denied rehearing on November 7, 2002. Id. The United States Supreme Court denied certiorari on June 9, 2003. See Pagan v. Florida, 539 U.S. 919 (2003). This Court affirmed the denial of Pagan's initial postconviction motion and denied his simultaneously filed writ of habeas corpus. See Pagan v. State, 29 So. 3d 938 (Fla. 2009). Pagan's federal habeas petition was subsequently denied, and the Supreme Court denied certiorari. See Pagan v. Tucker, 568 U.S. 1093 (2013).

Pagan appealed the denial of his first successive postconviction motion to vacate his death sentence, seeking relief under Hurst v. Florida, 136 S. Ct. 616 (2016), and Hurst v. State, 202 So. 3d 40 (Fla. 2016). On June 9, 2017, this Court issued an order to show cause asking the State to demonstrate why relief should not be granted in Pagan's case in light of Hurst, Davis v. State, 207 So. 3d 142 (Fla. 2016), cert. denied, 137 S. Ct. 2218 (2017), and Mosley v. State, 209 So. 3d 1248 (Fla. 2016). Because the jury recommended death by a vote of seven to five and because Pagan's sentence became final after the United States Supreme Court's decision in Ring v. Arizona,[1] his sentence is the result of Hurst error.

---

1. Ring v. Arizona, 536 U.S. 584 (2002).

In considering whether the error was harmless, we decline the State's invitation to model our <u>Hurst</u> harmless error analysis after the Supreme Court's recent analysis of procedural default in <u>Jenkins v. Hutton</u>, 137 S. Ct. 1769 (2017). The State has not demonstrated beyond a reasonable doubt that the error in this case did not contribute to the sentence. See <u>Armstrong v. State</u>, 211 So. 3d 864, 865 (Fla. 2017). While the aggravation in Pagan's case is substantial, we cannot determine whether the jury would have unanimously found that the aggravation outweighed the mitigation. <u>Id.</u> Accordingly, the <u>Hurst</u> error was not harmless beyond a reasonable doubt. We reverse the postconviction court's order and remand for a new penalty phase. See <u>Hurst</u>, 202 So. 3d at 69.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
CANADY, J., dissents.
POLSTON, J., dissents with an opinion.
LAWSON, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

POLSTON, J., dissenting.

I dissent to the majority's decision to remand for a new penalty phase. First, <u>Hurst</u> does not apply retroactively to this case. See <u>Mosley v. State</u>, 209 So. 3d 1248, 1285 (Fla. 2016) (Canady, J., concurring in part and dissenting in part). Second, because the prior violent felony and during the course of a felony

aggravators are supported by jury findings, I do not believe a <u>Hurst</u> error is present in this case even if <u>Hurst</u> applied retroactively. <u>See</u> <u>Hurst v. State</u>, 202 So. 3d 40, 82 (Fla. 2016) (Canady, J., dissenting). Third, for the reasons explained by Justice Lawson in his dissenting opinion, Pagan would not be entitled to relief under a proper harmless error analysis. The majority inexplicably has converted <u>Hurst</u> error into per se reversible error despite the fact that the United States Supreme Court remanded <u>Hurst</u> back to this Court for a harmless error analysis. <u>See</u> <u>Hurst v. Florida</u>, 136 S. Ct. 616, 624 (2016).

LAWSON, J., dissenting.

I agree with the State that if this Court were to apply a proper harmless error analysis to the facts of this case, Pagan would not be entitled to relief on his claim of <u>Hurst</u> error.[2] In <u>Hurst</u>, we held that error resulting from "the judge rather than the jury ma[king] all the necessary findings to impose a death sentence, is not structural error incapable of harmless error review." <u>Hurst</u>, 202 So. 3d at 67. Relying on United States Supreme Court precedent, we further recognized that whether <u>Hurst</u> error is harmless requires this Court to determine whether there is a reasonable doubt that a properly instructed, "rational" jury would have made the

---

2. <u>Hurst v. State</u>, 202 So. 3d 40 (Fla. 2016), <u>cert. denied</u>, 137 S. Ct. 2161 (2017). Although I adhere to my view that this Court's <u>Hurst</u> decision was incorrectly decided, <u>Okafor v. State</u>, 225 So. 3d 768, 775-76 (Fla. 2017) (Lawson, J., concurring specially), I have elected to follow the <u>Hurst</u> precedent for the reasons explained in <u>Okafor</u>.

findings necessary to impose death.  Id. (quoting Galindez v. State, 955 So. 2d 517, 522 (Fla. 2007) (quoting Neder v. United States, 527 U.S. 1, 18 (1999))); cf. Jenkins v. Hutton, 137 S. Ct. 1769, 1772 (2017) (recognizing that the proper focus in an instructional error case is on whether a properly instructed, reasonable jury could have recommended death).

In practice, however, the majority has replaced the proper harmless error analysis with the same per se reversible error rule that Hurst rejected, finding Hurst error harmful in every case in which the jury did not unanimously recommend death—because the jury's recommendation was not unanimous.  See, e.g., Kopsho v. State, 209 So. 3d 568, 570 (Fla. 2017) (holding Hurst error was not harmless after explaining that all that can be determined from the jury's 10-2 death recommendation is "that the jury did not unanimously recommend a sentence of death").

Rather than find Hurst error harmful because there was Hurst error, I would apply the proper rational jury test.  Judged by this standard, the Hurst error in Pagan's case is harmless beyond a reasonable doubt.  Pagan's case presents some of the weightiest aggravation in Florida's capital sentencing scheme: prior and contemporaneous violent felonies, all of which were found by unanimous juries; the in the course of a felony aggravator—two felonies, in fact, both of which were unanimously found by Pagan's jury; and the cold, calculated, and premeditated

aggravator, which inescapably flows from the evidence of Pagan's planned execution of a six-year-old child and his father, in the presence of his wife, whom Pagan also shot along with the couple's eighteen-month-old other child. That these aggravators are established, sufficient, and substantially outweigh the scant mitigation presented are findings that no objectively reasonable jury, properly instructed, would have failed to unanimously make in support of a unanimous death recommendation.

Accordingly, because the Hurst error in Pagan's case is harmless beyond a reasonable doubt, I respectfully dissent.

An Appeal from the Circuit Court in and for Broward County,
　　　Edward H. Merrigan, Jr., Judge - Case No. 061993CF003648B88810

James Vincent Viggiano, Jr., Capital Collateral Regional Counsel, Maria E. DeLiberato, Julissa R. Fontán, and Chelsea Shirley, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

　　　for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Donna M. Perry, Assistant Attorney General, West Palm Beach, Florida,

　　　for Appellee