PER CURIAM. Alex Pagan appeals an order of the circuit court denying his motion to vacate his sentence of death under Florida Rule of-Criminal Procedure 3.851. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. We vacate Pagan’s death sentence and remand for a new penalty phase consistent with Hurst v. State, 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). Pagan was convicted of the murders of Michael Lynn and Freddy Jones, the attempted murders of Latasha and Lafayette Jones, the robbery of the Joneses’ home, and the theft of their vehicle. Pagan v. State, 830. So.2d 792, 798-802 (Fla. 2002). The jury recommended death by a vote of seven to five, and the trial court sentenced Pagan to death for each of the murders. Id. This Court, affirmed Pagan’s convictions and sentences and denied rehearing on November 7, 2002. Id. The United States Supreme Court denied cer-tiorari on June 9, 2003. See Pagan v. Florida, 539 U.S. 919, 123 S.Ct. 2278, 156 L.Ed.2d 137 (2003). This Court affirmed the denial of Pagan’s initial postconviction motion and denied his simultaneously filed writ of habeas corpus. See Pagan v. State, 29 So.3d 938 (Fla. 2009), Pagan’s federal habeas petition was. subsequently denied, and the Supreme Court denied certiorari. See Pagan v. Tucker, 568 U.S. 1093, 133 S.Ct. 842, 184 L.Ed.2d 666 (2013). Pagan appealed the denial of his first successive postconviction motion to vacate his death sentence,' seeking relief under Hurst v. Florida, — U.S.-, 136 S.Ct, 616, 193 L.Ed.2d 504 (2016), and Hurst v. State, 202 So.3d 40 (Fla. 2016). On June 9, 2017, this Court issued an order to show cause asking the State to demonstrate why relief’ should not’ be granted in Pagan’s case in light of Hurst, Davis v. State, 207 So.3d 142 (Fla. 2016), cert, denied, U.S;-, 137 S.Ct. 2218, 198 L.Ed.2d 663 (2017), and Mosley v. State, 209 So.3d 1248 (Fla. 2016). Because the jury recommended death by a vote of seven to five and because Pagan’s sentence became final after the United States Supreme Court’s decision in Ring v. Arizona,[1] his sentence is the result of Hurst error. In considering whether the error was harmless, we decline the State’s invitation to model our Hurst harmless error analysis after the Supreme Court’s recent analysis of procedural default in Jenkins v. Hutton, — U.S. -, 137 S.Ct. 1769, 198 L.Ed.2d 415 (2017). The State has not demonstrated beyond a reasonable doubt that the error in this case did not contribute to the sentence. See Armstrong v. State, 211 So.3d 864, 865 (Fla. 2017). While the aggravation in Pagan’s case is substantial, we cannot determine whether the jury would have unanimously found that the aggravation outweighed the mitigation. Id. Accordingly, the Hurst error was not harmless beyond a reasonable doubt. We reverse' the postconviction court’s order and remand for a new penalty phase. See Hurst, 202 So.3d at 69. It is so ordered. LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ,, concur. CANADY, J., dissents. POLSTON, J., dissents with an opinion. LAWSON, J., dissents with an opinion. . Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428/153 L.Ed.2d 556 (2002).