# Supreme Court of Florida

———————

No. SC17-1542

———————

**STATE OF FLORIDA,**
Appellant,

vs.

**JOSEPH P. SMITH,**
Appellee.

[April 5, 2018]

PER CURIAM.

This case is before the Court on appeal from an order granting a successive motion to vacate a sentence of death under Florida Rule of Criminal Procedure 3.851. Because the order concerns postconviction relief from a sentence of death, we have jurisdiction. Art. V, § 3(b)(1), Fla. Const.

## FACTS AND BACKGROUND

This Court has previously detailed the gruesome facts of this case. *Smith v. State* (*Smith I*), 28 So. 3d 838, 844-53 (Fla. 2009). Relevant to the instant proceeding, Joseph Smith was convicted of first-degree murder, kidnapping, and capital sexual battery of eleven-year-old Carlie Jane Brucia and was sentenced to

death. *Id.* at 844. After a penalty phase, the jury recommended a death sentence by a vote of ten to two. *Id.* at 851.[1] On direct appeal, we held that the trial court's

1. As we stated in *Smith I*,

The trial court determined that the State had proven beyond a reasonable doubt the existence of six statutory aggravators: (1) Smith committed the felony while he was on probation, *see* § 921.141(5)(a), Fla. Stat. (2003) (moderate weight); (2) the murder was committed while Smith was engaged in the commission of a sexual battery or kidnapping, *see* § 921.141(5)(d), Fla. Stat. (2003) (significant weight); (3) the murder was committed for the purpose of avoiding lawful arrest, *see* § 921.141(5)(e), Fla. Stat. (2003) (great weight); (4) the murder was especially heinous, atrocious or cruel (HAC), *see* § 921.141(5)(h), Fla. Stat. (2003) (great weight); (5) the murder was cold, calculated, and premeditated (CCP), *see* § 921.141(5)(i), Fla. Stat. (2003) (great weight); and (6) the victim was under twelve years of age, *see* § 921.141(5)(l ), Fla. Stat. (2003) (great weight).

The trial court concluded that Smith had failed to prove the existence of any statutory mitigating circumstances. The trial court found a total of thirteen non-statutory mitigating circumstances: (1) a long and well-documented history of mental illness (moderate weight); (2) a long and well-documented history of drug abuse (moderate weight); (3) longstanding severe pain from back injuries that contributed to his addiction (little weight); (4) Smith repeatedly sought help for his problems (little weight); (5) Smith was repeatedly denied treatment or received inadequate treatment (little weight); (6) positive qualities, including—(a) skills as a mechanic, plumber, and carpenter; (b) performance of kind deeds for others; (c) love and support with his family; (d) despite his incarceration, attempts to exert a positive influence on family members; (e) artistic skills; and (f) he cares about animals (moderate weight); (7) providing information that led to the resolution of this case (very little weight); (8) his family assisted law enforcement with Smith's knowledge and cooperation (slight weight); (9) demonstration of spiritual growth (moderate weight); (10) maintenance of gainful employment (slight weight); (11) he is a loving father to his three daughters (moderate weight); (12)

finding of the CCP aggravator was not supported by competent, substantial evidence and thus the CCP aggravator was stricken. *Id.* at 868. Nevertheless, we ultimately affirmed Smith's convictions and sentence. *Id.* at 878. The United States Supreme Court denied certiorari review on June 28, 2011. *Smith v. Florida*, 564 U.S. 1052 (2011).

Smith subsequently filed a motion for postconviction relief raising numerous challenges, including a *Ring*[2] challenge, which the postconviction court summarily denied. *Smith v. State* (*Smith II*), 151 So. 3d 1177, 1181 (Fla. 2014). Smith appealed to this Court, and we affirmed the denial of postconviction relief. *Id.* at 1184. Next, Smith filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Florida, which was stayed as of July 15, 2016.

On January 5, 2017, after the issuance of *Hurst v. Florida*, 136 S. Ct. 616 (2016), *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017), and its progeny, Smith filed this Successive Motion to Vacate Death Sentence, which the postconviction court granted with regard to the claim that

---

remorse (little weight); and (13) he is amenable to rehabilitation and a productive life in prison (little weight).

28 So. 3d at 852-53 (footnotes omitted).

2. *Ring v. Arizona*, 536 U.S. 584 (2002).

- 3 -

Smith is entitled to a new penalty phase. The State's appeal followed. On September 19, 2017, this Court issued an order to show cause why the lower court's order should not be affirmed based on this Court's precedent in *Hurst*, *Davis v. State*, 207 So. 3d 142 (Fla. 2016), and *Mosley v. State*, 209 So. 3d 1248 (Fla. 2016), to which the parties responded.

## ANALYSIS

Smith contends that he is entitled to relief pursuant to the United States Supreme Court's opinion in *Hurst v. Florida*, which held that Florida's capital sentencing scheme was unconstitutional because "[t]he Sixth Amendment requires a jury, not a judge, to find each fact necessary to impose a sentence of death. A jury's mere recommendation is not enough." 136 S. Ct. at 619. On remand, this Court held that a unanimous jury recommendation for death is required before the trial court may impose a sentence of death. *Hurst*, 202 So. 3d at 54. Moreover, this Court held that "in addition to unanimously finding the *existence* of any aggravating factor, the jury must also unanimously find that the aggravating factors are *sufficient* for the imposition of death and unanimously find that the aggravating factors *outweigh* the mitigation before a sentence of death may be considered by the judge." *Id.* We also determined that *Hurst* error is capable of harmless error review. *Id.* at 67.

- 4 -

*Hurst* applies retroactively to defendants whose sentences became final after the United States Supreme Court issued its decision in *Ring*. *Mosley*, 209 So. 3d at 1283. Thus, *Hurst* applies retroactively to this case, which became final in 2011.

Accordingly, we must determine whether the *Hurst* error during Smith's penalty phase proceeding was harmless beyond a reasonable doubt. "[I]n the context of a *Hurst v. Florida* error, the burden is on the State, as the beneficiary of the error, to prove beyond a reasonable doubt that the jury's failure to unanimously find all the facts necessary for imposition of the death penalty did not contribute to [the] death sentence . . . ." *Hurst*, 202 So. 3d at 68. As applied to the right to a jury trial with regard to the facts necessary to impose the death penalty, it must be clear beyond a reasonable doubt that a rational jury would have unanimously found that each aggravating factor was proven beyond a reasonable doubt, that the aggravating factors were sufficient to impose death, and that the aggravating factors outweighed the mitigating circumstances.

We conclude that the State cannot establish that the error in Smith's case was harmless beyond a reasonable doubt. In Smith's case, the jury did not make the requisite factual findings and did not unanimously recommend a sentence of death. Instead, the jury recommended the sentence of death by a vote of ten to two. Therefore, this Court has no way of knowing if the jury unanimously found any of the five valid aggravating factors—(1) Smith committed the felony while he

was on probation; (2) the murder was committed while Smith was engaged in the commission of a sexual battery or kidnapping; (3) the murder was committed for the purpose of avoiding lawful arrest; (4) HAC; and (5) the victim was under twelve years of age—that the aggravating factors were sufficient to impose a death sentence, or whether the aggravating factors outweighed the mitigating circumstances. Further, this Court cannot speculate why the two jurors who voted to recommend a sentence of life imprisonment determined that a sentence of death was not the appropriate punishment. Thus, in line with our post-*Hurst* precedent,[3] we conclude that the *Hurst* error in Smith's case was not harmless beyond a reasonable doubt. Accordingly, we vacate Smith's sentence of death and remand for a new penalty phase.

---

3. *E.g.*, *Mosley*, 209 So. 3d 1248 (granting *Hurst* relief for nonunanimous jury recommendation, post-*Ring* defendant); *Peterson v. State*, 221 So. 3d 571 (Fla. 2017) (same); *Bevel v. State*, 221 So. 3d 1168 (Fla. 2017) (same); *Snelgrove v. State*, 217 So. 3d 992 (Fla. 2017) (same); *Newberry v. State*, 214 So. 3d 562 (Fla. 2017) (same); *Orme v. State*, 214 So. 3d 1269 (Fla. 2017) (same); *Baker v. State*, 214 So. 3d 530 (Fla. 2017) (same); *Deviney v. State*, 213 So. 3d 794 (Fla. 2017) (same); *Jackson v. State*, 213 So. 3d 754 (Fla. 2017) (same); *Smith v. State*, 213 So. 3d 722 (Fla. 2017) (same); *Hodges v. State*, 213 So. 3d 863 (Fla. 2017) (same); *Anderson v. State*, 220 So. 3d 1133 (Fla. 2017) (same); *Ault v. State*, 213 So. 3d 670 (Fla. 2017) (same); *Dubose v. State*, 210 So. 3d 641 (Fla. 2017) (same); *Hojan v. State*, 212 So. 3d 982 (Fla. 2017) (same); *Durousseau v. State*, 218 So. 3d 405 (Fla. 2017) (same); *Calloway v. State*, 210 So. 3d 1160 (Fla. 2017) (same); *McGirth v. State*, 209 So. 3d 1146 (Fla. 2017) (same); *Williams v. State*, 209 So. 3d 543 (Fla.) (same), *cert. denied*, 137 S. Ct. 2302 (2017); *Armstrong v. State*, 211 So. 3d 864 (Fla. 2017) (same); *Kopsho v. State*, 209 So. 3d 568 (Fla. 2017) (same).

## CONCLUSION

Therefore, we affirm the postconviction court's order granting Smith a new penalty phase.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
CANADY and POLSTON, JJ., dissent.
LAWSON, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LAWSON, J., dissenting.

*See Pagan v. State*, 235 So. 3d 317, 319-20 (Fla. 2018) (Lawson, J., dissenting).

An Appeal from the Circuit Court in and for Sarasota County,
        Charles E. Roberts, Judge - Case No. 582004CF002129XXXANC

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Christina Z. Pacheco, Assistant Attorney General, Tampa, Florida,

        for Appellant

James Vincent Viggiano, Jr., Capital Collateral Regional Counsel, Ann Marie Mirialakis and Ali A. Shakoor, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

        for Appellee